# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JACQUES MESTAYER &** | ) | **NO.** |
| **THEODORE WONG** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Judge:** |
| **Versus** | ) | **Magistrate:** |
| | ) | |
| **CITY OF NEW ORLEANS** | ) | |
| | ) | |
| | ) | **CLASS ACTION COMPLAINT** |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |

JACQUES MESTAYER and THEODORE WONG ("Plaintiffs"), by and through their undersigned counsel, bring this action on their own behalf, and on behalf of a Class of persons defined herein, against the City of New Orleans ("Defendant" or "CNO"), and allege upon information and belief and based on the investigation to date of their counsel as follows:

## **INTRODUCTION**

1.      This action is brought individually by Plaintiffs and on behalf of a class of persons similarly situated (the "Class" or "Class Members") who received by mail a ***Notice of Violation*** on behalf of the City of New Orleans Photo Safety Program, as provided in the Automated Traffic Enforcement System ("ATES")[1], since November 4, 2010[2], and who complied with the demand of

---

[1] The Automated Traffic Enforcement System ("ATES") is set forth as City of New Orleans Ordinance No. 22526, Mayor Council Series, *et seq.*, Chapter 154 of the Code of the City of New Orleans, Sections 154-2, and 154-1701-1704, enacted on February 22, 2007.

[2] In *McMahon v., et al v. City of New Orleans*, 2018-ca-0842 (La App. 4 Cir. 9/4/19), 2019 WL 4924400, the court affirmed a judgment against the City of New Orleans in the amount of $25,612,690.32 for all ATES fines and fees paid by the Class Plaintiffs for ATES tickets issued for the period January 1, 2008, through November 3, 2010.

said **Notice of Violation** and paid the "fine/penalty" specified therein, and/or who paid the "fine/penalty" and non-refundable court costs after an unsuccessful appeal, and/or who incurred non-refundable court costs and fees after a successful appeal, and/or whose vehicle was towed or booted for refusing to comply with the **Notice of Violation**, and/or who was reported to a credit bureau for refusing to comply with the **Notice of Violation**.

## JURISDICTION AND VENUE

2.       This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the amount in controversy exceeds $5,000,000.00, exclusive of interests and costs, and many Members of the proposed Class are citizens of states different from that of the Defendant. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.       The Court has personal jurisdiction over the Defendant because the Defendant conducts substantial business in this judicial district and division, and intentionally and purposefully directed that the fraudulent **Notice of Violation** be mailed to those members of the putative class.

4.       Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b)(2) and (3) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District.

5.       Venue is also proper in this judicial district because at least one of the Plaintiffs reside in this district.

---

The ATES ordinance was amended by the city council, effective November 4, 2010, placing enforcement and administration of ATES sections 154-1701 through 154-1704 under the New Orleans Police Department (NOPD), which cured the defect in the ATES ordinance which originally placed enforcement and administration under the Department of Public Works in violation of the City Charter.

## PARTIES

6.     JACQUES MESTAYER is a person of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana.

7.     THEODORE WONG is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana.

8.     Defendant CITY OF NEW ORLEANS ("CNO") is a political subdivision of the State of Louisiana, having its principal place of business in the City of New Orleans, Parish of Orleans, and located in this district.

## GENERAL FACTUAL ALLEGATIONS

**A. *City of New Orleans,* Automated Traffic Enforcement System ("ATES")**

9.     By Ordinance No. 22526, adopted on February 22, 2007, the CNO enacted its Automated Traffic Enforcement System ("ATES"), which was codified in Chapter 154 of the Code of the City of New Orleans, Sections 154-2, and 154-1701-1704.

10.     As set forth in Section 154-1701, in order for the CNO to impose a penalty under the ATES program, a ***Notice of Violation*** must be mailed to the registered owner of the vehicle that was photographed by the traffic camera program allegedly violating a speed limit or a traffic control light setting forth the date/time/location with a photo of the alleged violation.

11.     Section 154-1702 provides that a person receiving a ***Notice of Violation*** may contest the imposition of the penalty at an administrative adjudication hearing.  Two issues must be proven by the CNO at  the hearing by a preponderance of the evidence; namely, (1) the reliability of the traffic camera equipment/system, and (2) that a violation took place based on an inspection of the recorded image. Section 154-1702 (e).

3

12.    The CNO is mandated to prove those facts by live testimony or by an affidavit of a sworn law enforcement officer or from the Department of Public Works.  Section 154-1702 (e).

13.    A person aggrieved by a finding of liability at the administrative hearing may appeal the decision of the hearing officer to the New Orleans traffic court which shall have *de novo* review over such appeals. Section 154-1702 (h) (1); LRS, Article 13:2493 (C).

14.    The First City Court for the City of New Orleans or the Second City Court for the City of New Orleans shall have jurisdiction over appeals by any person aggrieved by a decision of the traffic court concerning traffic violations enforced by the city's automated traffic enforcement system. Such appeals from the traffic court shall extend to the law and shall be tried upon the records made and the evidence offered in court by the judge to whom such appeal shall be allotted. Code of City of New Orleans, Section 50-148; Louisiana Code of Civil Procedure, Article 4857.

15.    An appeal from a judgment rendered by First City Court or Second City Court shall be taken to the court of appeal.  Louisiana Code of Civil Procedure, Article 5001 (A).

16.    On or about November 20, 2017, Petitioner Jacques Mestayer received in the mail a ***Notice of Violation*** alleging a violation of driving in excess of the speed limit on November 9, 2017.[3]

17.    Mr. Mestayer requested an Administrative Adjudication Hearing before the City, which was heard on May 15, 2018.  A Notice of Determination was rendered by the city denying his appeal and demanding payment in the amount of $110.00.

---

[3] Exhibit "A"- ***Notice of Violation*** mailed to Jacques Mestayer.

18.     Mr. Mestayer appealed the decision of the Administrative Adjudication Hearing to the Municipal and Traffic Court for the City of New Orleans, which was tried on August 14, 2018.  By judgment dated August 20, 2018, the court found Mr. Mestayer liable for that violation as set forth in ***Notice of Violation*** #0801703344192 and rendered judgment in favor of the City of New Orleans and against Mr. Mestayer for the full sum of $110.00.

19.     Mr. Mestayer appealed the judgment of Municipal and Traffic Court to the First City Court for the Parish of Orleans.

20.     On April 17, 2019, Judge Angelique A. Reed of the First City Court for the Parish of Orleans heard the appeal of the judgment of Judge Herbert Cade of The New Orleans Traffic Court.

21.     By judgment dated May 7, 2019, Judge Reed reversed the August 20, 2018 Traffic Court Judgment against Mr. Mestayer, finding that the ***Notice of Violation*** mailed to Mr. Mestayer **"constitutes a fraud."**

22.     Judge Reed made the following findings in the judgment of May 7, 2019:

> The notice states, "I knowing that false statements on this form
> are punishable by law, state that I have probable cause to be-
> lieve that." False statements are not punishable by law, unless
> they are made under a valid oath, which requires the signature
> of the person making it, and the signature of the person having
> authority to administer such an oath.  *State v. Duhon*, 674 So.2d
> 944 (La. 1996).  In this matter, there is no signature by the New
> Orleans Police Department officer, or any other signature of an
> authorized official on the notice.   The officer whose name

appears on the ***Notice of Violation*** cannot be punished by law,

as he has not signed the document under a valid oath.  The no-

tice thereby **constitutes a fraud**. (Emphasis added).[4]

23.     The CNO never filed a motion for new trial and never filed a suspensive or devo-

lutive appeal and consequently the judgment of May 7, 2019 is final.

24.     Despite his successful appeal, Mr. Mestayer has incurred non-refundable court

costs and fees in First City Court for the Parish of Orleans.

25.     Plaintiff Theodore Wong received in the mail a Notice of Violation dated April 9,

2014, which he paid.[5]  Mr. Wong received in the mail a Notice of Violation dated August 29,

2018, which he also paid.[6]

*26.*     The CNO continues to mail fraudulent ***Notices of Violation*** to the putative class

members and continues to collect millions of dollars through the mailing of the fraudulent ***Notices***

***of Violation.***

27.     The Annual Operating Budgets published by the CNO reflects that the City has re-

alized the following revenue from the ATES program for the years specified:

| | |
|---|---|
| 2010 | $15,719,588.00 |
| 2011 | $17,346,191.00 |
| 2012 | $15,841,078.00 |
| 2013 | $15,136,539.00 |
| 2014 | $14,781,543.00 |
| 2015 | 16,140,619.900 |

---

[4] Exhibit "B," Judgment of Judge Angelique A. Reed of the First City Court for the Parish of Orleans, dated May 7, 2019.
[5] Exhibit "C," *Notice of Violation* mailed to Theodore Wong.
[6] Exhibit "D." *Notice of Violation* mailed to Theodore Wong.

| | |
|---|---|
| 2016 | $16,412,449.00 |
| 2017 | $24,000,000.00 |
| 2018 | $23,800,000.00 |
| 2019 | $25,200,000.00 |
| Total to Date | **$184,378,007.00** |

## CLASS ACTION ALLEGATIONS

28.     Plaintiffs brings this class action on behalf of themselves and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

29.     Plaintiffs seeks to represent a Class defined as follows:

All persons residing in the State of Louisiana who PAID a fine pursuant to the ATES program without filing an appeal

All persons residing in the State of Louisiana who PAID a fine pursuant to the ATES program, and additionally incurred non-refundable appeal court costs and fees, after filing an unsuccessful appeal

All persons residing in the State of Louisiana who incurred non-refundable appeal court costs and fees, court costs and fees after a successful appeal.

All persons residing in the State of Louisiana who received a notice from the ATS program but refused to pay the fine and then incurred costs and/or fees and/or being reported to a credit bureau as a result of non-payment.

All in the United States who PAID a fine pursuant to the ATES program without filing an appeal

All in the United States who PAID a fine pursuant to the ATES program, and additionally incurred non-refundable appeal court costs and fees, after filing an unsuccessful appeal

All in the United States who incurred non-refundable appeal court costs and fees after a successful appeal

7

All persons in the United States who received a notice from the ATS program but refused to pay the fine and then incurred costs and/or fees and/or being reported to a credit bureau as a result of non-payment.

30.     Plaintiffs reserve the right to propose subclasses or modify the above class definitions, based on the evidence adduced in discovery, or as necessary and appropriate.

31.     Excluded from the Class are: Defendant and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; all governmental entities; and the Judge to whom this case is assigned and any immediate family members thereof.

32.     Certification of the Plaintiffs' claims for class wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

33.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The Members of the Class are so numerous that individual joinder of all Class Members would be impracticable. On information and belief, thousands of CITIZENS have been affected by the Defendant's wrongful conduct. The precise number of CITIZENS and their addresses are presently unknown to Plaintiffs but may be ascertained from Defendant's books and records. Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

34.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members, including, without limitation:

g.     Whether CNO knowingly made misleading statements in the ***Notice of Violation***

h.     Whether CNO knew or should have known that the representations in the ***Notice of Violation*** were false and misleading;

i.     Whether CNO has been unjustly enriched by the mailing of the fraudulent Notices of Violation to Plaintiffs and the Class;

j.     Whether CNO should be ordered to disgorge the ill-gotten profits it received from the mailing of the fraudulent Notices of Violation;

k.     Whether Plaintiffs and the Class suffered monetary damages, and, if so, what the measure is of those damages;

l.     Whether Plaintiffs and the Class are entitled to an injunction, damages, restitution, equitable relief, and other relief deemed appropriate, and, if so, the amount and nature of such relief.

35.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiffs' claims are typical of the other Class Members' claims because, among other things, all Class Members were similarly injured through the uniform and common misconduct described above.

58.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the other Class Members they seeks to represent; they have retained counsel competent and experienced in complex class action litigation; and they intend to prosecute this action vigorously. The Class Members' interests will be fairly and adequately protected by Plaintiffs and their counsel.

59.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiffs and the other Class Members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class Members as a whole.

60.     **Superiority – Federal Rule of Civil Procedure 23(b)(3)**. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other Class Members are

relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class Members to individually seek redress from Defendant's wrongful conduct. Even if Class Members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

61.     **Ascertainability - Federal Rule of Civil Procedure 23(b)(3)**. The members of the Class are ascertainable as the CNO has a record of all persons who paid the fines and costs pursuant to the Notices of Violation, pre-appeal, post-appeal.

## CAUSES OF ACTION
## COUNT I

Violation of the Mail Fraud and Wire Fraud
18 U.S.C. § 1341 (mail fraud) and § 1343 (wire fraud):

**(On Behalf of All Classes)**

63.     At all relevant times, the CNO conducted and participated in conduct that consists of numerous and repeated violations of federal mail and wire fraud statutes. These statutes prohibit the use of any interstate or foreign mail or wire facility for the purpose of executing a scheme to defraud, in violation of 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud).

64.     As detailed in the General Factual Allegations, the CNO knew that the *Notice of Violation* mailed on its behalf to persons in the putative class was fraudulent.

65.     Defendant CNO devised and furthered a scheme to defraud by use of the mail, telephone, and internet, and transmitted, or caused to be transmitted, by means of mail and wire

communication travelling in interstate or foreign commerce, writing(s) and/or signal(s), including the Defendant's websites, communications with persons that the CNO issued Notices of Violation to.

66.     The Defendant CNO utilized the interstate and international mail and wires for the purpose of obtaining money or property by means of the omissions, false pretense, and misrepresentations described herein.

67.     The Defendant CNO's conduct in furtherance of this scheme was intentional. Plaintiffs and class members were directly harmed as a result of the Defendant's' intentional conduct.

Plaintiffs, class members, among others, relied on the Defendant's' material misrepresentations and omissions concerning the ***Notice of Violation***.

## COUNT II
## FRAUD

**On Behalf of All Classes**

75.     Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

76.     At all times relevant, Defendant fraudulently and deceptively had mailed to Plaintiffs and the putative class ***Notices of Violation*** when Defendant knew the notices to be false.

77.     Each of these misrepresentations and omissions were material at the time they were made. In particular, each of the misrepresentations and omissions concerned material facts that were essential to the analysis undertaken by Plaintiffs, and those similarly situated, as to whether to pay the fines on the ***Notice of Violation***.

78.     Plaintiffs, and those similarly situated, relied to their detriment on Defendant's fraudulent omissions. Had Plaintiffs, and those similarly situated, been adequately informed and not intentionally deceived by Defendant, they would not have paid the ***Notice of Violation***.

79.     Plaintiffs and class members were harmed directly and proximately by Defendant's' fraud. Such harm includes payment of  illegitimate fines, and unreimbursed court costs.

80.     Defendant's conduct as described herein was willful and malicious and was designed to maximize Defendant's' revenues even though Defendant knew that it was fraudulent.

## COUNT  III

### UNJUST ENRICHMENT

81.     Through its fraudulent *Notices of Violation*, the Defendant has made almost Two Hundred Million dollars in revenue.  The considerable profits were made at the expense of Plaintiffs and each Member of the Class, who relied upon Defendant's representations and material omissions.

82.     Plaintiffs and Class Members conferred benefits on Defendant by paying the illegitimate fines which Defendant knowingly accepted.

83.     Defendant, however, has retained that benefit under circumstances that make it unjust and inequitable for Defendant to retain it without paying Plaintiffs and members of the putative class the value thereof.

84.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiffs and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and the Class Members for Defendant's unjust enrichment, as ordered by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Jacques Mestayer and Theodore Wong, individually and on behalf of the Class described herein, respectfully pray for the following relief:

12

A.      Certification of this action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), appointment of Plaintiffs as a representative of the Class, and appointment of Plaintiffs' counsel as Class Counsel;

B.      Enter judgment against Defendant in favor of Plaintiffs and the Class.

C.      A finding that Defendant's wrongful conduct alleged herein violated the consumer fraud and protection statutes and deceptive trade practices federal mail fraud and wire fraud statutes set forth above, and an award for all measures of damages allowable under such statutes, in an amount to be determined at trial, plus costs of suit, including reasonable attorneys' fees and litigation expenses;

D.      Grant Plaintiffs and the Class equitable relief in the nature of disgorgement, restitution, and the creation of a constructive trust to remedy Defendant's unjust enrichment;

E.      Grant Plaintiffs and the Class an award for damages and, where applicable, treble, multiple, punitive, and/or other damages, in such amount to be determined at trial and as provided by applicable law;

F.      Grant Plaintiffs and the Class pre-judgment and post-judgment interest on all damages;

G.      Grant Plaintiffs and the Class costs of suit, including reasonable attorneys' fees and litigation expenses as provided by law; and

H.      Grant Plaintiffs and the Class all such other and further relief as necessary to correct Defendant's unlawful conduct, and as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs respectfully request a trial by jury on all issues so triable.

Dated: December 10, 2019

Respectfully Submitted:
**FRANK J. D'AMICO, JR., APLC**

_s:/ Charles P. Ciaccio_____
LAW OFFICE OF FRANK D'AMICO JR. APLC
Charles P. Ciaccio (#04121)
Frank J. D'Amico, Jr. (#17519)
Charles Jones (#07477)
4608 Rye Street
Metairie, LA  70006
Telephone:  504-525-7272
Fax: 504-525-9522
Email: Charles@damicolaw.net

And

Forrest, Cressy & James, LLC


_**s:/ Byron M. Forrest**_____
Byron M. Forrest (Bar# 35480)
One Canal Place
365 Canal Street, Suite 1475
New Orleans, LA 70130
Telephone: 504-605-0777
byron@fcjlaw.com

**Attorneys for Plaintiffs and the Proposed Classes**