## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACQUES MESTAYER, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  19-14432** |
| **CITY OF NEW ORLEANS,**<br>    **Defendant** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (the "Motion to Dismiss") filed by Defendant, the City of New Orleans ("the City"),[1] and a Motion for Leave to File Second Amended Complaint filed by Plaintiffs.[2] For the following reasons, the Motion to Dismiss[3] is **DENIED** and the Motion for Leave to File Second Amended Complaint is **GRANTED**.

## BACKGROUND

This action is brought by Plaintiffs who paid fines/penalties as mandated by notices of traffic violations ("Notices of Violation") issued on behalf of the City of New Orleans Photo Safety Program, since November 4, 2010.[4] On December 10, 2019, Plaintiffs filed their complaint in federal court.[5] Plaintiffs bring causes of action under the federal mail and wire fraud criminal statutes, 18 U.S.C. §§ 1341 and 1343,[6] as well as

---

[1] R. Doc. 10. Plaintiffs oppose the Motion to Dismiss. R. Doc. 12. The City of New Orleans filed a reply. R. Doc. 17. Plaintiffs filed a sur-reply. R. Doc. 21. The City of New Orleans filed a sur-sur-reply. R. Doc. 29. Plaintiffs filed a sur-sur-sur reply. R. Doc. 33. The City of New Orleans requested oral argument on the Motion to Dismiss. R. Doc. 11.
[2] R. Doc. 23.
[3] R. Doc. 10.
[4] R. Doc. 1 at ¶ 1.
[5] R. Doc. 1.
[6] *Id.* at ¶¶ 63-67.

Louisiana state laws prohibiting fraud and unjust enrichment.[7] In their complaint, Plaintiffs expressly allege "[t]his Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) . . . [and] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367."[8]

On February 21, 2020, the City filed its Motion to Dismiss for Lack of Jurisdiction.[9] The City argued the sole basis for federal subject matter jurisdiction alleged in Plaintiffs' complaint, diversity jurisdiction pursuant to the Class Action Fairness Act (CAFA), could not supply a basis for jurisdiction because "two-thirds or more of the members of the proposed plaintiff class are citizens of the State of Louisiana and the sole defendant, the City of New Orleans, is a citizen of the State of Louisiana," and, as a result, the "home state" exception under CAFA applies.[10] On February 27, 2020, Plaintiffs filed an opposition to the Motion to Dismiss, arguing that, because they alleged the City violated the federal mail and wire fraud criminal statutes, the Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.[11] Plaintiffs did not directly address the City's argument that the Court lacked subject matter jurisdiction under CAFA. In conjunction with filing their opposition to the Motion to Dismiss, Plaintiffs filed a motion for leave to file their first amended complaint, seeking to expressly allege federal question jurisdiction based on violations of the federal mail and wire fraud criminal statutes as the basis for the Court's subject matter jurisdiction.[12]

---

[7] *Id.* at ¶¶ 75-84.
[8] *Id.* at ¶ 2.
[9] R. Doc. 10.
[10] *Id.* at 10.
[11] R. Doc. 12.
[12] R. Doc. 14.

On March 6, 2020, the City filed a reply in support of its Motion to Dismiss.[13] In its reply, the City argued Plaintiffs had failed to point to an alternative basis of subject matter jurisdiction, and, relatedly, allowing Plaintiffs to amend their complaint would be futile, because "18 U.S.C. §§ 1341 and 1343 proscribe mail and wire fraud and establish criminal penalties for violations; they do not provide for any private enforcement or cause of action."[14] The Court ordered Plaintiffs to "file a sur-reply to Defendant's Reply in support of Defendant's Motion to Dismiss, addressing Defendant's argument that federal jurisdiction is not properly invoked and amendment would be futile."[15]

On April 3, 2020, Plaintiffs filed their sur-reply.[16] Rather than addressing Defendants' argument that Plaintiffs could not bring a private right of action based on the federal mail and wire fraud statutes, Plaintiffs instead argued they should be permitted to amend their complaint to allege federal question jurisdiction based on "violations of Due Process in contravention to the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983."[17] In conjunction with filing their sur-reply, Plaintiffs filed a Motion for Leave to File Second Amended Complaint,[18] seeking to add allegations that federal "[j]urisdiction exists pursuant to 28 U.S.C. § 1331, and 1343 based on 42 U.S.C. § 1983 and questions of federal constitutional law" and "supplemental jurisdiction [exists] over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367."[19]

On April 15, 2020, the City filed a combined sur-sur-reply in support of the City's Motion to Dismiss and opposition to Plaintiffs' Motion for Leave to File Second Amended

---

[13] R. Doc. 17.
[14] *Id.* at 4.
[15] R. Doc. 16 at 2-3.
[16] R. Doc. 21.
[17] *Id.* at 1-2.
[18] R. Doc. 23.
[19] R. Doc. 23-2 at 1-2.

Complaint,[20] arguing "this Court does not have jurisdiction on the basis of Plaintiffs' bare-bone invocation of 42 U.S.C. § 1983."[21]

During a telephonic status conference on April 16, 2020, Plaintiffs' counsel "informed the Court Plaintiffs concede the Court does not have subject matter jurisdiction over this matter under the Class Action Fairness Act or federal question jurisdiction based on violations of the federal mail and wire fraud criminal statutes, 18 U.S.C. §§ 1341 and 1343."[22] "According to Plaintiffs' counsel, the sole basis of jurisdiction is federal question jurisdiction based on violations of 42 U.S.C. § 1983."[23]

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[24] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[25] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[26] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.[27] The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint

---

[20] R. Doc. 29.
[21] *Id*. at 3.
[22] R. Doc. 30 at 1.
[23] *Id*.
[24] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[25] Fed. R. Civ. P. 12(b)(1).
[26] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[27] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

4

supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[28]

## LAW AND ANALYSIS

### I.   The Court has Federal Subject Matter Jurisdiction Over this Matter

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331, 1332. Section 1331 provides for federal question jurisdiction. A plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 when he pleads a claim "arising under" the Constitution or the laws of the United States. A case "arises under" federal law if a well-pleaded complaint establishes either that (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on resolution of a "substantial" question of federal law.[29] A federal question is not "substantial" if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous."[30]

In this case, the party asserting jurisdiction, Plaintiffs, contend their complaint is being brought pursuant to 42 U.S.C. § 1983.[31] Pleading a violation of § 1983 "invoke[s] this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331."[32] Additionally, Plaintiffs contend the Notices of Violation issued by the City of New Orleans violated Plaintiffs' rights to due process under the Fifth and Fourteenth Amendments.[33] The

---

[28] *Id.*

[29] *Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).

[30] *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998); *see also Hagans v. Levin*, 415 U.S. 528, 536–37 (1974); *Olivares v. Martin*, 555 F.2d 1192 (5th Cir.1977).

[31] R. Doc. 21 at 2.

[32] *New Concepts Housing, Inc. v. Desire Community Housing Corp.*, No. CIV. A. 00-2072, 2001 WL 845458, at *1 (E.D. La. Jul. 25, 2001).

[33] R. Doc. 21 at 1-2.

resolution of this issue "will require the Court to resolve a federal law issue," thereby invoking the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.[34]

In addition, Plaintiffs contend the Notices of Violation violated Louisiana state laws prohibiting fraud and unjust enrichment.[35] 28 U.S.C. § 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy . . . "[36] These state law claims arise from the same occurrences that gave rise to Plaintiffs' federal claims. As a result, this Court has supplemental jurisdiction over Plaintiffs' state law claims.

In light of Plaintiffs' concession that the Court lacks federal subject matter jurisdiction under CAFA or based on violations of the federal mail and wire fraud statutes, the crux of the City's remaining argument for dismissal of Plaintiffs' claims on the basis of lack of jurisdiction is: "[b]are-bone recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to invoke the jurisdiction of the Court."[37] This is really a motion to dismiss Plaintiffs' § 1983 claim for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[38] "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[39] As a result, the Court will not consider whether Plaintiffs' claims should

---

[34] *Wilhelmus v. Parish of St. Bernard*, Civil Action No. 09–3644, 2009 WL 2382701, at *1 (E.D. La. July 31, 2009).
[35] R. Doc. 1 at ¶¶ 75-84.
[36] 28 U.S.C. § 1367(a).
[37] R. Doc. 29 at 3.
[38] *Ramming*, 281 F.3d at 161 (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977) (per curiam)).
[39] *Id.* (citing *Hitt*, 561 F.2d at 608).

be dismissed for failure to state a claim prior to deciding the instant motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1). The City's argument that Plaintiffs' § 1983 claim is supported by mere conclusory allegations is better raised in a later motion to dismiss for failure to state a claim upon which relief may be granted.

## II.   Plaintiffs are Entitled to Leave to File Their Second Amended Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that after the window for amending as a matter of course has closed, "a party may amend its pleading only with the opposing party's written consent or the court's leave," but that "the court should freely give leave when justice so requires."[40]  Rule 15(a)'s liberal amendment policy places the grant or denial of leave to amend within the district court's discretion.[41] That said, Rule 15(a) "evinces a bias in favor of granting leave to amend," and thus leave must be freely given in the absence of a "substantial reason to deny the leave to amend."[42] Without a substantial reason to deny leave, the discretion of the district court is not broad enough to permit denial.[43] Potentially "substantial" reasons to deny leave include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[44]

The City has not presented a substantial reason to deny Plaintiffs leave to file their second amended complaint. Although the City contends the allegations supporting Plaintiffs' § 1983 are "[b]are-bone recitals of the elements of a cause of action, supported

---

[40] Fed. R. Civ. P. 15(a)(2).
[41] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[42] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir.1981).
[43] *Id.*
[44] *Foman*, 371 U.S. at 182; *see also Dussouy*, 660 F.2d at 598.

by mere conclusory statements,"[45] as discussed above, this is not a reason to prohibit Plaintiffs from amending their complaint to allege a proper basis for federal subject matter jurisdiction. Moreover, the City will not be unduly prejudiced if the amendment is allowed, as the City will have ample time at this early stage in the litigation to bring a subsequent challenge for failure to state a claim upon which relief may be granted. Further, the proposed amendment does not come at an unduly late stage in this litigation, there is no evidence of bad faith or dilatory motive on the part of Plaintiffs, and it is far too early in the proceedings to determine whether the amendments will ultimately prove futile. Accordingly, the Court will grant Plaintiffs' Motion for Leave to File Second Amended Complaint.

## **CONCLUSION**

**IT IS ORDERED** that the Motion to Dismiss[46] is **DENIED** and the Motion for Leave to File Second Amended Complaint[47] is **GRANTED**.

**New Orleans, Louisiana, this 17th day of April, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[45] R. Doc. 29 at 3.
[46] R. Doc. 10. Accordingly, the City of New Orleans's request for oral argument on the Motion to Dismiss is **DENIED AS MOOT**. R. Doc. 11.
[47] R. Doc. 23.

8