## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JACQUES MESTAYER, ET AL.,**               CIVIL ACTION
    **Plaintiffs**

**VERSUS**                                   NO.  19-14432

**CITY OF NEW ORLEANS,**                     SECTION: "E" (3)
    **Defendant**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Pursuant to Rule 12(b)(6), Rule 12(b)(1),[1] and Rule 9(b) (the "Motion to Dismiss") filed by Defendant, the City of New Orleans ("the City").[2] For the following reasons, the Motion to Dismiss is **GRANTED.**

## BACKGROUND[3]

This action is brought by Plaintiffs Jaques Mestayer and Theodore Wong, who paid fines and penalties as mandated by notices of traffic violations ("Notice of Violation") issued on behalf of the City of New Orleans Photo Safety Program, after November 4, 2010.[4] On February 22, 2007, the City Council enacted the Automated Traffic

---

[1] Although Defendant purports to bring its motion under Fed. R. Civ. P. 12(b)(1), no argument is made for dismissal on that basis.

[2] R. Doc. 38. Plaintiffs oppose the Motion to Dismiss. R. Doc. 43. The City of New Orleans filed a reply. R. Doc. 44. Plaintiffs filed a sur-reply. R. Doc. 47. The City of New Orleans requested oral argument on the Motion to Dismiss. R. Doc. 39.

[3] The facts recited herein are as alleged in Plaintiffs' Complaint, R. Doc. 1, and Plaintiffs' pleading designated as its Second Amended Complaint. R. Doc. 35. Although Plaintiffs refer to R. Doc 35 as their "second" amended complaint, the complaint is, in reality, Plaintiffs' first amended complaint. On March 4, 2020, Plaintiffs filed a motion for leave to file a first amended complaint. R. Doc. 14. On April 3, 2020, Plaintiffs informed the Court that their motion for leave to file a first amended complaint was moot. R. Doc. 19 at 1-2. Accordingly, on April 8, 2020, the Court denied as moot Plaintiffs' motion for leave to file a first amended complaint. R. Doc. 26. Plaintiffs erroneously designated their next pleading as their Second Amended Complaint.

[4] R. Doc. 1 at ¶ 1. Mestayer and Wong assert this action is brought "individually by Plaintiffs and on behalf of a class of persons similarly situated." *Id.* This decision affects only the named plaintiffs.

Enforcement System Ordinance ("ATES Ordinance"), codified in Chapter 154 of the Code of the City of New Orleans, Sections 154-2, and 154-1701-1704.[5]

On or about November 20, 2017, Plaintiff Jacques Mestayer received in the mail a Notice of Violation alleging a violation of driving in excess of the speed limit on November 9, 2017.[6] He requested an Administrative Adjudication Hearing before the City, which was held on May 15, 2018.  A Notice of Determination was rendered by the City denying his appeal and demanding payment in the amount of $110.00.[7] Mestayer appealed this decision and, by judgment dated August 20, 2018, the Municipal and Traffic Court for the City of New Orleans court found Mestayer liable for the violation as set forth in the Notice of Violation.[8] Mestayer appealed this judgment to the First City Court for the Parish of Orleans and, by judgment dated May 7, 2019, that court reversed the August 20, 2018 judgment, explaining:

> The notice states, 'I knowing that false statements on this form are punishable by law, state that I have probable cause to believe that.' False statements are not punishable by law, unless they are made under a valid oath, which requires the signature of the person making it, and the signature of the person having authority to administer such an oath.  *State v. Duhon*, 674 So.2d 944 (La. 1996).  In this matter, there is no signature by the New Orleans Police Department officer, or any other signature of an authorized official on the notice.  The officer whose name appears on the ***Notice of Violation*** cannot be punished by law, as he has not signed the document under a valid oath.  The notice thereby **constitutes a fraud**.[9]

Because the City did not appeal, the First City Court's judgment became final on May 7, 2019.[10]

---

[5] R. Doc. 1 at ¶ 9.
[6] *Id.* at ¶ 16.
[7] *Id.* at ¶ 17.
[8] *Id.* at ¶ 18.
[9] *Id.* at ¶ 22 (emphasis in original) (citing R. Doc. 1-2).
[10] *Id.* at ¶ 23.

2

Plaintiff Theodore Wong received two Notices of Violations, dated April 9, 2014 and August 29, 2018, which he paid and did not contest.[11]

On December 10, 2019, Plaintiffs filed their complaint in federal court,[12] bringing causes of action under the federal mail and wire fraud criminal statutes, 18 U.S.C. §§ 1341 and 1343,[13] as well as Louisiana state laws prohibiting fraud and unjust enrichment.[14] In their complaint, Plaintiffs expressly allege "[t]his Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) . . . [and] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367."[15]

On February 21, 2020, the City filed its first Motion to Dismiss for Lack of Jurisdiction,[16] arguing the Court lacked diversity jurisdiction pursuant to the Class Action Fairness Act (CAFA).[17] On February 27, 2020, Plaintiffs filed an opposition to the Motion to Dismiss, arguing that, because they alleged the City violated the federal mail and wire fraud criminal statutes, the Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.[18] On March 6, 2020, the City filed a reply in support of its first Motion to Dismiss,[19] arguing "18 U.S.C. §§ 1341 and 1343 proscribe mail and wire fraud and establish criminal penalties for violations; they do not provide for any private enforcement or cause of action."[20] On April 3, 2020, Plaintiffs filed a sur-reply,[21] arguing they should be permitted to amend their complaint to allege federal question jurisdiction

---

[11] *Id.* at ¶ 25.
[12] R. Doc. 1.
[13] *Id.* at ¶¶ 63-67.
[14] *Id.* at ¶¶ 75-84.
[15] *Id.* at ¶ 2.
[16] R. Doc. 10.
[17] R. Doc. 10 at 1.
[18] R. Doc. 12.
[19] R. Doc. 17.
[20] *Id.* at 4.
[21] R. Doc. 21.

based on "violations of Due Process in contravention to the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983."[22] In conjunction with filing their sur-reply, Plaintiffs filed a Motion for Leave to File Second Amended Complaint,[23] seeking to add allegations that federal "[j]urisdiction exists pursuant to 28 U.S.C. § 1331, and 1343 based on 42 U.S.C. § 1983 and questions of federal constitutional law" and "supplemental jurisdiction [exists] over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367."[24] During a telephone status conference on April 16, 2020, Plaintiffs' counsel "informed the Court Plaintiffs concede the Court does not have subject matter jurisdiction over this matter under the Class Action Fairness Act or federal question jurisdiction based on violations of the federal mail and wire fraud criminal statutes, 18 U.S.C. §§ 1341 and 1343."[25] "According to Plaintiffs' counsel, the sole basis of jurisdiction is federal question jurisdiction based on violations of 42 U.S.C. § 1983."[26] On April 17, 2020, the Court issued an Order and Reasons denying the City's first Motion to Dismiss for Lack of Subject Matter Jurisdiction and granting Plaintiffs' Motion for Leave to File Second Amended Complaint.[27]

On April 30, 2020, the City filed its second Motion to Dismiss.[28] The City argues Plaintiffs' § 1983 claim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim because "their Complaint on its face does not identify a constitutional violation."[29] The City alternatively argues that, "[t]o the extent Plaintiffs' Second

---

[22] *Id.* at 1-2.
[23] R. Doc. 23. The City opposed Plaintiff's Motion for Leave to File Second Amended Complaint. R. Doc. 29.
[24] R. Doc. 23-2 at 1-2.
[25] R. Doc. 30 at 1.
[26] *Id.*
[27] R. Doc. 34.
[28] R. Doc. 38.
[29] R. Doc. 38-1 at 8.

Amended Complaint could be read to allege a constitutional violation, Plaintiffs' Second Amended Complaint does not clearly state whether Plaintiffs  allege a procedural due process claim or substantive due process claim."[30]  In the event Plaintiffs bring a procedural due process claim, the City argues "Plaintiffs' Second Amended Complaint does not specify any alleged insufficiency in process or any constitutional defect in the actions of the traffic and city courts."[31]  In the event Plaintiffs bring a substantive due process claim, the City argues that, "[a]lthough Plaintiffs allege a due process violation based on the alleged deprivation of 'fines/penalties,' Plaintiffs do not have a property interest in these fines or penalties."[32]  The City alternatively argues that, "[i]n the event that the Court determines that Plaintiffs have properly stated a claim under 42 U.S.C. § 1983," Plaintiffs' § 1983 claim has prescribed.[33]  According to the City, "Plaintiffs' action would be delictual in nature and subject to the liberative prescription of one year established by Louisiana Civil Code Article 3492,"[34]  and "[t]aking Plaintiffs' allegations as true, on the face of the Notice of Violation, both Mr. Mestayer and Mr. Wong would have seen that their notices were not signed by a police officer" over one year before the instant lawsuit was filed.[35]

The City next argues Plaintiffs' claim for relief under the federal mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343, should be dismissed pursuant to Rule 12(b)(6) because "those federal criminal statutes do not provide a private right of action."[36]

---

[30] *Id.* at 9.
[31] *Id.* at 12.
[32] *Id.* at 13 (internal citation omitted).
[33] *Id.* at 13-14.
[34] *Id.* at 14.
[35] *Id.* at 16.
[36] *Id.* at 15.

Finally, the City argues Plaintiffs' state law claims should be dismissed because, "[u]pon dismissal of Plaintiffs' [federal] claims in their Second Amended Complaint, Plaintiffs will have stated no viable federal claim against the City" and "[w]ith no federal question remaining, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, see 28 U.S.C. § 1367(c)(3), and dismiss Plaintiffs' state law claims."[37] The City alternatively argues Plaintiffs' state law claims should be dismissed pursuant to Rule 12(b)(6) and Rule 9(b). With respect to Plaintiffs' state law fraud claims, the City argues these claims are "prescribed," for the same reasons their § 1983 claim is prescribed,[38] or, in the alternative, Plaintiffs' fraud claims should be dismissed because Plaintiffs fail to plead the elements of fraud as required by Rule 12(b)(6) and, moreover, Plaintiffs fail to plead fraud with particularity as required by Rule 9(b).[39] With respect to Plaintiffs' unjust enrichment claim, the City contends "Plaintiffs cannot state a claim for unjust enrichment because they cannot allege an enrichment without cause and because they have other remedies at law available."[40]

## **LEGAL STANDARD**

### **Rule 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[41] As the Fifth Circuit explained in *Gonzalez v. Kay*:

---

[37] *Id*. at 6.
[38] *Id*. at 16.
[39] *Id*. at 17-21.
[40] *Id*. at 22
[41] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief. " *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court cannot look beyond the factual allegations in the pleadings to determine whether relief should be granted.[42] In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff.[43] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[44]

## LAW AND ANALYSIS

### I.   Plaintiffs' Claim for Violation of the Federal Mail and Wire Fraud Statutes is Dismissed.

The City argues Plaintiffs' claim for relief under the federal mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343, should be dismissed pursuant to Rule 12(b)(6) because "those federal criminal statutes do not provide a private right of action."[45] Plaintiffs do not respond to this argument, nor do they provide any argument supporting

---

[42] *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[43] *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).
[44] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[45] R. Doc. 38-1 at 15.

their right to bring a private right of action for violations of the federal mail and wire fraud statutes. Further, Plaintiffs concede the sole basis this Court's subject matter jurisdiction rests on violations of 42 U.S.C. § 1983, not the federal mail and wire fraud statutes.[46]

The Fifth Circuit has clearly held there is no private right of action under the federal mail fraud statute.[47] Likewise, the Fifth Circuit has clearly held there is no private right of action under the federal wire fraud statute.[48] Because the federal mail and wire fraud statutes do not operate to create a private cause of action for damages against defendants who have allegedly violated the statutes, the motion to dismiss Plaintiffs' claims for violation of the federal mail and fraud statutes is granted.

## II.   Plaintiffs Have Failed to Sufficiently Allege § 1983 Claims.

With respect to Plaintiffs' § 1983 claims, the City argues "Plaintiffs' Second Amended Complaint does not clearly state whether Plaintiffs  allege a procedural due process claim or substantive due process claim."[49] Indeed, in Plaintiffs' Second Amended Complaint, they merely allege:

> The City of New Orleans' policy or custom of utilizing a fraudulent Notice of Violation in the enforcement of its Automated Traffic Enforcement System ("ATES"), has caused actual damages to the plaintiffs and putative class in the payment of fines/penalties in the amount of $184,378,007.00 for the time period November 4, 2010, though December, 2019,  and all "fines/penalties from that date until judgment, as said actions constitute a deprivation of the property of the plaintiffs and class members without due process of law in violation of Fifth and Fourteenth Amendments to the United States Constitution and  42 U.S.C. § 1983.[50]

---

[46] R. Doc. 30 at 1.
[47] *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977).
[48] *Napper v. Anderson*, 500 F.2d 634 (5th Cir. 1975), *cert. denied*, 423 U.S. 837 (1975).
[49] R. Doc. 38-1 at 9.
[50] R. Doc. 35 at ¶ 86.

In Plaintiffs' opposition to the Motion to Dismiss, they assert they bring both a procedural due process claim as well as a substantive due process claim.[51] Interestingly, in Plaintiff's sur-reply,[52] Plaintiffs address only their procedural due process claim.[53] To the extent Plaintiffs' Second Amended Complaint may be construed as alleging both a procedural due process claim and a substantive due process claim, both claims fail to meet the pleading requirements under *Twombly* and, as a result, both claims are dismissed.

### A.    Plaintiffs' Procedural Due Process Claim is Dismissed.

"[T]he Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures."[54] Plaintiffs allege the fines they paid as a result of the ATES Ordinance constitute a property interest protected by the Due Process Clause.[55] Indeed, the payment or threatened imposition of a monetary penalty under a red light camera ordinance or statute has been held to be a property interest protected by the Due Process Clause.[56] As a result, the key issue to be determined by the Court is whether Plaintiffs have alleged sufficient facts to support their claim the ATES Ordinance violates procedural due process.

Before the government deprives an individual of a property interest, procedural due process requires the individual in jeopardy of serious loss must receive notice and an opportunity to be heard.[57] "All that is necessary is that the procedures be tailored in light

---

[51] R. Doc. 43 at 4-7.
[52] R. Doc. 47.
[53] In Plaintiffs' opposition to the Motion to Dismiss, Plaintiffs assert they bring both a procedural due process claim as well as a substantive due process claim. R. Doc. 43 at 4-7. However, in Plaintiffs' sur-reply, Plaintiffs provide support only for their procedural due process claim. R. Doc. 47 at 2-6.
[54] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).
[55] R. Doc. 35 at ¶ 86.
[56] *Ware v. Lafayette City-Parish Consol. Gov't*, No. 08-0218, 2009 WL 5876275, *7 (W.D. La. Jan. 6, 2009) (citing *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (further citation omitted)).
[57] *Id.* at 542.

9

of the decision to be made, 'to the capacities and circumstances of those who are to be heard."[58] Procedures ought to ensure timely and adequate notice detailing the government's action and a meaningful opportunity to present one's case.[59] In *Mathews v. Eldridge*, the Supreme Court explained "'[d]ue process is flexible and calls for such procedural protections as the particular situation demands.'"[60] As a result, resolution of the issue of whether an administrative procedure is constitutionally sufficient "requires analysis of the governmental and private interests that are affected."[61] More precisely, as the Supreme Court set forth in *Eldridge*, "identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."[62]

Notably, in *Bevis v. City of New Orleans*, another section of this district court, subsequently affirmed on appeal, held the procedures established by the ATES Ordinance to challenge a traffic camera ticket comport with procedural due process requirements.[63] In that case, plaintiffs received notice of, and paid, monetary fines for alleged violations captured by traffic cameras in New Orleans.[64] The plaintiffs alleged the ATES Ordinance

---

[58] *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) (quoting *Goldberg v. Kelly*, 397 U.S., at 268-69 (1970)).
[59] *Id.* at 349; *See Goldberg*, 397 U.S. at 267-68.
[60] 424 U.S. 319, 334 (1976) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).
[61] *Id.* (citations omitted).
[62] *Id.* at 335 (citing *Goldberg*, 397 U.S. at 263-71).
[63] 2010-cv-4161, 2011 WL 2899120, at *3 (E.D. La. July 18, 2011), *aff'd on appeal*, 686 F.3d 277, 280 (5th Cir. 2012).
[64] *Id.* at *1.

violated procedural due process because the ordinance was "missing" affirmative defenses and an opportunities to present evidence or testimony. The district court held the plaintiffs failed to state a factually plausible due process claim, explaining:

> . . . Plaintiffs claim that the ATES Ordinance is "missing" affirmative defenses and opportunities to present evidence or testimony. To the contrary, the ATES Ordinance explicitly provides for affirmative defenses. Additionally, the ATES Ordinance permits vehicle owners to request witnesses, including the officer who approved the Notice of Violation, be subpoenaed to testify at the administrative hearings.[65]

Further, as noted in *Bevis*, "ordinances with procedures similar to those provided for in the ATES Ordinance have been found to satisfy the requirements of procedural due process,"[66] citing as support several decisions, including *Mendenhall v. City of Akron*.[67] In that case, the Sixth Circuit held an "ordinance [which] provides for notice of the citation, an opportunity for a hearing, provision for a record of the hearing decision, and the right to appeal an adverse decision" did not violate procedural due process.[68]

On a motion to dismiss, the Court is required to take Plaintiffs' allegations as true.[69] In this matter, Plaintiffs allegations show the ATES Ordinance affords them notice and opportunity to be heard:

i. Plaintiffs allege they received notice through the Notice of Violation.[70] As set forth in the ATES Ordinance, to impose a civil penalty under the ordinance, a Notice of Violation must be timely mailed to the registered owner of the photographed vehicle and it must set forth a description of the violation, including the date, time, location, and recorded images.[71]

ii. Plaintiffs allege they were afforded an opportunity to be heard and Plaintiff Mestayer took advantage of this opportunity by requesting an administrative

---

[65] *Id*. at *4 (internal citations and footnotes omitted).
[66] *Id*. at *3 & n.14.
[67] 374 F. App'x. 598 (6th Cir. 2010).
[68] *Id*. at 600.
[69] *Iqbal*, 129 S.Ct. at 1949.
[70] R. Doc. 1 at ¶ 11.
[71] NEW ORLEANS, LA., CODE OF ORDINANCES ch. 154, art. XVII, § 154-1701(1) (2020).

adjudication hearing.[72] As the ATES Ordinance states, "[a] person receiving a Notice of Violation may contest the imposition of the civil penalty by appearing before the administrative adjudication bureau on or before the scheduled hearing date."[73]

iii.    Plaintiffs allege there was an opportunity to present evidence and testimony at the administrative adjudication hearing.[74] The City must prove by a preponderance of the evidence the violation occurred and "the reliability of the automated traffic enforcement system."[75] Further, the ATES Ordinance allows for a vehicle owner to prove an affirmative defense to the imposition of civil liability by a preponderance of the evidence at the hearing.[76]

iv.    Plaintiffs allege there were multiple stages of appellate review, which Plaintiff Mestayer took advantage of by appealing his case up to the First City Court for the City of New Orleans.[77] The ATES Ordinance provides that an aggrieved person may appeal "to the traffic court, which shall have exclusive appellate jurisdiction of all such appeals. Any such appeal shall be filed within 30 days after the date of such decision. The traffic court shall have de novo review over such appeals."[78] Traffic court decisions may be appealed to the First City Court for the City of New Orleans or the Second City Court for the City of New Orleans.[79] An appeal from a judgment rendered by First City Court or Second City Court shall be taken to the court of appeal.[80]

These procedures are virtually indistinguishable from the procedures held to be constitutionally adequate in *Bevis* and *Mendenhall*.

Weighing the three *Eldridge* factors to determine whether the procedures employed were adequate, the Court finds the ATES Ordinance complies with procedural due process requirements. The first *Eldridge* factor considered is the private interest that will be affected by the official action. The Plaintiffs' private interest is the property of which they may be deprived through the fines imposed by the City. The second *Eldridge*

---

[72] R. Doc. 1 at ¶ 17.
[73] NEW ORLEANS, LA., CODE OF ORDINANCES ch. 154, art. XVII, § 154-1702(a) (2020).
[74] R. Doc. 1 at ¶ 11.
[75] *Id.* at § 154-1702(e).
[76] NEW ORLEANS, LA., CODE OF ORDINANCES ch. 154, art. XVII, § 154-1702(f) (2020).
[77] R. Doc. 1 at ¶¶ 13, 15, 18-19.
[78] NEW ORLEANS, LA., CODE OF ORDINANCES ch. 154, art. XVII, § 154-1702(h)(1) (2020).
[79] NEW ORLEANS, LA., CODE OF ORDINANCES ch. 154, art. XVII, § 50-148(b) (2020).
[80] La. C. Civ. P. art. 5001(a).

*factor* requires an assessment of the risk of an erroneous deprivation of the private interest through the procedures used and any potential probative value of additional or substitute procedural measures. The risk of an erroneous deprivation of the Plaintiffs' property through the procedures used is low because the ATES Ordinance provides for notice, a hearing, the opportunity to present evidence, and several levels of appellate review. The Court finds no potential probative value of additional or substitute procedural measures. The third *Eldridge* factor requires a consideration of the government's functional, fiscal, and administrative interests in implementing such additional or substitute procedures. In this case, the Court finds no additional or substitute measures are needed and, as a result, the burden that any additional requirements would entail is too great.[81]

Plaintiffs have failed to set forth facts that, taken as true, would establish a procedural due process violation. The only remaining issue is whether Plaintiffs should be granted leave to amend the allegations supporting their procedural due process claim.[82] Plaintiffs already have been given an opportunity to amend their complaint to add allegations regarding their § 1983 claims,[83] and have established no reason why they should be accorded a second opportunity. Although Rule 15(a) generally requires the Court to "freely give" leave to amend "when justice so requires,"[84] "[w]hen it is apparent, however, that amendment will be futile, dismissal without leave to amend is

---

[81] In their opposition and sur-reply to the Motion to Dismiss, Plaintiffs attempt to argue "the Plaintiffs are not alleging that the processes it has established violate due process, but rather the fraudulent actions by the City in implementing the program have tainted it, rendering it devoid of fairness in violation of procedural due process." R. Doc. 47 at 2. Plaintiffs' allegations regarding fraud are related to their state law claim, if anything.
[82] The Court notes Plaintiffs do not expressly request leave to amend the allegations supporting their procedural due process claim.
[83] R. Doc. 34.
[84] Fed. R. Civ. P. 15(a)(2); *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013).

appropriate."[85] Amendment is futile if the complaint as amended would be subject to dismissal.[86] The Court finds allowing Plaintiffs to replead their procedural due process claim would be futile. It is clear to the Court that adequate procedural due process protections already are in place. The Plaintiffs are not granted leave to amend and the City's motion to dismiss Plaintiff's procedural due process claim is granted.

### B.    Plaintiffs' Substantive Due Process Claim is Dismissed.

To the extent Plaintiffs bring a claim for violation of their substantive due process rights, they conflate substantive due process, which protects certain fundamental rights, with procedural due process, which prohibits the deprivation of protected liberty and property interests without adequate procedures. "Substantive due process depends on the existence of a fundamental liberty interest."[87] Courts are usually leary about reading in new rights into substantive due process claims.[88] "Only state action that impinges on a fundamental right is subject to evaluation under substantive due process."[89] The Plaintiffs have not alleged they were denied a fundamental right. The interest at stake in this case is a $110 fine for a traffic violation.[90] "The Supreme Court has never held that a property interest so modest is a fundamental right."[91] Instead, modest fines and penalties have been found not to constitute a protected property right.[92] Protection from arbitrary action

---

[85] *Valdery v. Louisiana Work Com'n*, Civ. Action 15-01547, 2015 WL 5307390, at *2 (E.D. La. Sept. 10, 2015) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).
[86] *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014).
[87] *Idris v. City of Chicago*, 552 F.3d 564, 566 (7th Cir. 2009)(citing *Washington v. Glucksberg*, 521 U.S. 702, 719-22 (1997)).
[88] *See Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992).
[89] *Idris*, 552 F.3d at 566.
[90] R. Doc. 1, Ex. A, C, and D. Plaintiff Wong was fined for two separate violations in the amounts of $75 and $110, respectively.
[91] *Idris*, 552 F. 3d at 566.
[92] *Id.* at 564.

is the essence of substantive due process.[93] Plaintiffs have made no allegations that the ATES Ordinance is arbitrary or is a plain abuse of power. Neither have Plaintiffs alleged the ATES Ordinance is unreasonable, arbitrary or capricious or that the means chosen to enforce the traffic laws have no real and substantial relationship to the object of the law. The Plaintiffs have failed to state a substantive due process claim upon which relief can be granted. Accordingly, the Plaintiffs are not granted leave to amend and the City's motion to dismiss Plaintiffs' substantive due process claim is granted.

### III.    The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiffs' Remaining State Law Unjust Enrichment and Fraud Claims.

In considering whether to exercise supplemental jurisdiction, it is appropriate for the Court to consider "judicial economy, convenience, and fairness."[94] Further, 28 U.S.C. § 1367(c)(3) states that the Court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." Such is the case in this matter, as all federal law claims have been dismissed at an early stage of the litigation. Accordingly, the Court grants the City's motion and dismisses without prejudice the Plaintiffs' state law unjust enrichment and fraud claims.

---

[93] *Ohio Bell Telephone Co. v. Public Utilities Commission*, 301 U.S. 292, 302 (1937).
[94] *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

**CONCLUSION**

**IT IS ORDERED** that the City's Motion to Dismiss[95] is **GRANTED.** Plaintiffs' federal mail and wire fraud claims and procedural and substantive due process claims under § 1983 against the City are **DISMISSED WITH PREJUDICE**. Plaintiffs' state law unjust enrichment and fraud claims against the City are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the City's request for oral argument on the motion to dismiss[96] is **DENIED AS MOOT**.

New Orleans, Louisiana, this 23rd day of June, 2020.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[95] R. Doc. 38.
[96] R. Doc. 39.